UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| REPUBLIC OF PANAMA, ) ) *Petitioner*, ) ) v. ) ) JAIME JURADO and ) ) NATIONS ENERGY CORPORATION, ) ) *Respondents*. ) | Case No. _____ |

## MEMORANDUM OF LAW IN SUPPORT OF PANAMA'S PETITION TO CONFIRM AND ENFORCE FOREIGN ARBITRATION AWARD PURSUANT TO 22 U.S.C. § 1650a

Petitioner the Republic of Panama ("Panama") respectfully submits this memorandum of law in support of its petition to confirm and enforce the arbitration award (the "Award") issued on November 24, 2010, by an arbitral tribunal in International Centre for Settlement of Investment Disputes ("ICSID") Case No. ARB/06/19. The Award held in favor of Panama and against Respondents Jaime Jurado ("Jurado") and Nations Energy Corporation ("Nations") as well as Electric Machinery Enterprises Inc. ("EME"), which is in a Chapter 11 bankruptcy proceeding in the bankruptcy court for this District and therefore not a party to this action.

### FACTUAL BACKGROUND

ICSID is an autonomous international institution created under the auspices of the World Bank to provide an impartial forum for the resolution of certain disputes between sovereign states and foreign investors. Arbitration in the ICSID forum is governed by the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID

1

Convention"), Mar. 18, 1965, 575 U.N.T.S. 159, and ICSID's Rules of Procedure for Arbitration Proceedings, *available at* http://icsid.worldbank.org/ICSID/ICSID/RulesMain.jsp.

On August 3, 2006, Respondents Jurado and Nations as well as EME filed with ICSID a Request for Submission to Arbitration ("Request for Arbitration") against Panama. Jurado is a resident of Tampa, Florida. Nations is an Arizona corporation with its principal place of business in Florida. EME is a Florida corporation with its principal place of business in Florida. EME is currently in a Chapter 11 bankruptcy proceeding in the bankruptcy court for this District, styled *In re Electric Machinery Enterprises, Inc.*, No. 8:08-bk-08642-MGW (Bankr. M.D. Fla.), jointly administered under case number 8:08-bk-08639-MGW (Bankr. M.D. Fla.). Jurado owns or is otherwise affiliated with both Nations and EME.

In the ICSID arbitration, Jurado, Nations, and EME alleged that Panama unlawfully denied them the right to transfer certain tax credits to which they claimed they were entitled based on their investment in a Panamanian company known as Corporación Panameña de Energía S.A. ("COPESA"). Panama denied Claimants' allegations in full and sought dismissal of their claims. Panama also requested an award of the costs of the arbitration plus Panama's defense costs and attorneys' fees.

On November 24, 2010, after briefing and a week-long arbitration hearing in Washington, D.C., the ICSID tribunal issued an award (the "Award") in favor of Panama and against Jurado, Nations, and EME. An official, certified copy of the Award is attached as Exhibit A to the Declaration of Whitney Debevoise ("Debevoise Declaration"). An unofficial translation of the Award is attached as Exhibit B to the Debevoise Declaration. The Award dismissed in full the claims against Panama and awarded a total of US$4,587,219.17 to Panama for half of the arbitration costs and a portion of Panama's defense costs and attorneys' fees.

Debevoise Decl. Ex. A ¶¶ 715-16 & Ex. B ¶¶ 715-16. The Award further provides that Jurado, Nations, and EME are jointly and severally liable to Panama for this amount. *Id.*

On March 21, 2011, Claimants applied to ICSID for annulment of the Award. Debevoise Decl. ¶ 5. On May 9, 2011, pursuant to Article 52(3) of the ICSID Convention, ICSID appointed an *ad hoc* Committee to consider Claimants' application for annulment. On June 15, 2012, the ICSID *ad hoc* Committee issued an Order of Discontinuance of the annulment proceeding based on Claimants' failure to pay a deposit for the costs of the annulment proceeding, as ordered by the *ad hoc* Committee. *Id.* ¶ 5 & Ex. C. The Award is thus final and not subject to further review by ICSID or otherwise. *Id.* ¶ 6. Nevertheless, neither Respondents Jurado and Nations nor EME has paid any part of the amount owed to Panama under the Award, despite Panama's efforts to collect payment. *Id.* ¶ 7.

## ARGUMENT

### THIS COURT SHOULD GRANT THE PETITION AND ENTER JUDGMENT CONFIRMING AND ENFORCING THE ICSID ARBITRATION AWARD IN FAVOR OF PANAMA

Section 1650a(a) of Title 22, U.S.C., provides as follows:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the convention.

22 U.S.C. § 1650a(a). Under Section 1650a(b), "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy." *Id.* § 1650a(b).

3

Section 1650a implements Article 54 of the ICSID Convention, which provides as follows:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

ICSID Convention art. 54(1). Article 54 further provides that "[a] party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General." *Id.* art. 54(2).

The Award is subject to automatic recognition and enforcement in the United States under 22 U.S.C. § 1650a and Article 54 of the ICSID Convention. An arbitral tribunal rendered the award in favor of Panama in the arbitration brought by Jurado, Nations, and EME under the ICSID Convention. The Award requires Respondents Jurado and Nations as well as EME to pay a total of US$4,587,219.17 to Panama. These pecuniary obligations in the Award "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a).

There is no basis for Respondents to challenge the Award in this Court or otherwise. Under 22 U.S.C. § 1650a(a), the Federal Arbitration Act—including the provisions governing court challenges to arbitration awards—do not apply to recognition and enforcement of ICSID arbitration awards such as the Award. No other law allows a party to challenge an ICSID award in court in the United States or otherwise outside of ICSID. Following the Order of Discontinuance of the annulment proceeding, the Award is not subject to further review by

4

ICSID. Accordingly, there is no obstacle to this Court immediately confirming and enforcing the award and entering judgment against each of the Respondents for the full amount of the Award.

## **CONCLUSION**

For the reasons set forth above, Panama respectfully requests that the Court grant the Petition and enter judgment against each of the Respondents to confirm and enforce the November 24, 2010 ICSID arbitration award, award Panama the sum of US$4,587,219.17, plus post-judgment interest and costs in this action, as well as such other relief as the Court may deem just and proper.

Dated: July 24, 2012

Respectfully submitted,

Whitney Debevoise
R. Stanton Jones
Margarita R. Sanchez
Dawn Y. Yamane Hewett
(*pro hac vice* motions forthcoming)
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
(202) 942-5999 (fax)
Whitney.Debevoise@aporter.com

Donald R. Kirk
Florida Bar No. 0105767
Keith T. Appleby
Florida Bar No. 0011028
FOWLER, WHITE, BOGGS, P.A.
501 East Kennedy Blvd., Suite 1700
Tampa, FL 33602
(813) 228-7411
(813) 229-8313 (fax)
dkirk@fowlerwhite.com

*Counsel for Petitioner
Republic of Panama*