UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REPUBLIC OF PANAMA,

      Petitioner,

vs.                                      Case No. 8:12-cv-1647-T-17 MAP

JAIME JURADO, et al.,

      Respondents.

_____/

**Motion For Reconsideration of Order Entering Judgment And
To Set-Aside Clerk's Judgment Entry and Incorporated Memorandum of Law**

        Jaime Jurado and Nation's Energy Corporation (collectively "Respondents"), by their undersigned attorneys do hereby request that the Court Reconsider and vacate its Order Entering Judgment (Doc 18) and direct the Clerk to and vacate and set aside the Judgment  in a Civil Case entered herein in favor of the Republic of Panama ("Panama") (Doc 21) and states as grounds therefore:

      1.      This case was commenced by a Petition filed by Panama on July 24, 2012.

      2.      Proceedings to enforce ICSID Decision in District Courts are procedurally governed by the *Fed. R. Civ. Pro* and this Court's *Local Rules.*

      3.      In the Notice of Dismissal of Bankruptcy Case and Request For Entry of Judgment ("Notice") (Doc. 17) Panama alleged that Respondents are required to respond to the Petition by August 21, 2013. This date has not passed and Respondents are prepared to provide a response by that date.

4.     In addition, while the Respondent's bankruptcy cases had in fact been dismissed on June 6, 2013 the dismissal order in the bankruptcy case was not final until June 16, 2013.

5.     Further, the undersigned counsel had appeared in this case and was attorney of record for the Respondents. However, as a result of a letter send by Panama's counsel, the undersigned may be forced to withdraw from this case. A copy of this letter is attached hereto as Exhibit "A".   The Respondents were in the process of securing additional counsel when the Notice was served and should have a reasonable time to employ counsel and have them get familiar with these proceedings. Additional counsel is being selected and will appear in this case by the end of this week or at latest the beginning of next week.

6.     Under the Local Rule 3.01 (b), when counsel has appeared, all Motions must be supported by a Memorandum of Law and Respondents are given 14 days to file a response.    Panama's Notice/Motion (Request) was deficient as did not include a Memorandum of Law. Nor were the Respondents given fourteen (14) days to respond.

7.     In effect, it appears that the Court treated Panama's Notice as a Motion For the Entry of a default judgment, but none of the procedures for entry of such a judgment, where counsel has appeared were followed.

8.     More importantly, arbitration awards are not subject to being confirmed by the entry of default judgments. *Fed. R. Civ. Pro* 55 does not operate in such a context as it deals only with  "judgments for affirmative relief" and request for the entry of a judgment confirming an award must be treated like a Motion For Summary Judgment.   *Chase Bank. v. Hillis,* 2007 *WL* 1276905, *1 (W.D. Pa. 2007).  The significance here is that, even if Panama's

Notice was proper, under *Fed. R. Civ. Pro* 56 and *Local R 3.01,* Respondents had fourteen (14) days to respond and was not given this time.

9.      Panama's request also is deficient and does not comply with *Local R. 3.01* as it: 1) is not accompanied by a Memorandum as required by 3.01 (a);  2) It did not contain a good faith certificate as required by 3.01(g) and Panama did not designate the Notice as a "dispositive motion" as required by 3.01(h). These deficiencies alone justify denial and the reversal of this Court's Order and the Clerk's Judgment. *Ross v. Option One Mortgage,* 2008 *WL 896193 *2 (M.D. Fla. 2008 (parties must at all times comply with Local Rule 3.01); Watkins v. McMillan,* 779 F. 2d 1465, 1465  (11th Cir. 1986); *Superior Energy Services, LLC v. Boconno, Inc.,* 2010 *WL* 1267173 *5 ( S.D. Ala. 2010) (failure to file supporting memorandum justifies denial).

WHEREFORE, Jurado and Nations Energy do hereby respectfully request that the Court reconsider and vacate its Order entering judgment and direct the Clerk to vacate and cancel of record the judgment it entered in this case.

Respectfully submitted June 20, 2013.

s/ Leon A. Williamson, Jr.
Leon A. Williamson, Jr.
Florida Bar No.: 363537
Trial Counsel
Law Office of Leon A. Williamson, Jr., P.A.
306 South Plant Ave., Suite B
Tampa, Florida, 33606
Phone no.: 813-253-3109
Facsimile No.: 813-253-3215
E-Mail: Leon@LwilliamsonLaw.com
*Attorney for Jurado and Nations*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 20th day of June, 2013, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing to:

Whitney Debevoise, counsel for Petitioners at Whitney.Debevoise@aporter.com, and

Scott A. Underwood, counsel for Petitioners at scott.underwood@fowlerwhite.com.

s/ Leon A. Williamson, Jr.

EXHIBIT "A"

ARNOLD & PORTER LLP

Michael L. Bernstein
202.942.5577
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

May 14, 2013

**By Electronic Mail and First Class Mail**

Leon A. Williamson, Jr., Esq.
Law Office of Leon A. Williamson, Jr., P.A.
306 S. Plant Avenue, Suite B
Tampa, Florida 33606
E-mail: Leon@lwilliamsonlaw.com

> Re: **In re: Jaime Jurado,**
> <u>**Case No. 12-bk-14338-MGW**</u>

Dear Mr. Williamson:

I am writing, on behalf of the Republic of Panama, to express our concerns regarding your failure to disclose information concerning your service as a present or former director of Corporación Panameña de Energía S.A. ("COPESA"), and a conflict of interest that we believe precludes you from continuing to represent Mr. Jurado as bankruptcy counsel.

The chapter 11 plan that you filed, in the above-referenced case, on behalf of Mr. Jurado, contemplates payment of creditor claims from property of COPESA. While your client has not produced all of the COPESA-related documents that we have requested, based upon COPESA documents that we have reviewed, it appears that you have personally served, and may presently serve, as a director of COPESA. Your service as a director of COPESA was not disclosed in your retention application, nor in the affidavit that you filed pursuant to Federal Rule of Bankruptcy Procedure 2014, though we believe that it should have been disclosed.

Your service as a director of COPESA makes it impossible for you to satisfy the disinterestedness requirement of section 327(a) of the Bankruptcy Code. As a director of COPESA, you have a fiduciary duty to COPESA's stakeholders, including a duty to preserve and maximize the value of COPESA's assets for the benefit of such stakeholders and a duty to utilize information that you obtained as a director of COPESA solely for the benefit of COPESA. In your capacity as counsel to Mr. Jurado, you are seeking to have COPESA pay obligations of Mr. Jurado for which COPESA is not liable on its own account. These duties conflict with one another, and make it impossible for you to satisfy the Bankruptcy Code's disinterestedness requirements. Under such circumstances, we believe you cannot properly continue to serve as counsel to Mr. Jurado.

Leon A. Williamson, Jr., Esq.
May 14, 2013
Page 2

Before we consider what further actions, if any, may be appropriate, we want to give you an opportunity to respond to the concerns outlined above and to advise us if our understanding of the facts is incorrect. In light of the importance of this matter, we respectfully request your response this week.

Sincerely,

Michael L. Bernstein