UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REPUBLIC OF PANAMA,

        Petitioner,               Case No. 8:12-CV-1647-T-17MAP

v.

JAIME JURADO and
NATIONS ENERGY
CORPORATION,

        Respondents.
_____/

ORDER GRANTING MOTION FOR ENTRY OF
PRELIMINARY INJUNCTION

This matter comes before the Court upon the Motion for Entry of Preliminary Injunction and Accompanying Memorandum of Law (Doc. No. 31) (the "Motion")[1] filed by the Republic of Panama, and the accompanying Declaration Under Penalty of Perjury of Whitney Debevoise In Support of Motion to Commence Proceedings Supplementary and Motion for Entry of Preliminary Injunction (Doc. No. 32).

Petitioner Republic of Panama has identified the Claims and Jurado's proportion of recoveries thereunder to include, but which is not limited to, the following:

    a) Thirty percent (30%) of the Trustee's recovery in its claim against Cast-Crete Corporation (Case No. 8:13-ap-00158-MGW) (Bankr. M.D. Fla.);

---

[1] Capitalized terms not defined herein shall have the same meaning set forth in the Motion.

Case No. 8:12-CV-1647-T-17MAP

    b) A portion of the Trustee's recovery in its action against Johnson Controls, Inc. (Case No. 8:13-ap-00157-MGW) (Bankr. M.D. Fla.);

    c) Sixty-five percent (65%) of the Trustee's recovery in its arbitration claim against Whiting-Turner company, which arbitration proceeding is before the American Arbitration Association;

    d) Seventy percent (70%) of the Trustee's recovery in its claim against Triad Engineering;

    e) Fifty percent (50%) of the Trustee's recovery in its action against SafeCo Insurance Company of America;

    f) Fifty percent (50%) of the Trustee's recovery in its action against Florida Biodiesel Fuel, Inc.

Respondents have not filed a response to Petitioner's Motion and no motion for extension of time has been filed.

Four factors must be met in order for the Court to grant injunctive relief: 1) substantial likelihood of success on the merits; 2) the movant will suffer irreparable harm if the injunction is not issued; 3) the threatened injury to the movant if an injunction is not issued outweighs any damage the injunction may cause the opposing party; 4) the injunction will not adversely affect the public interest.

Petitioner argues that these factors have been met. As to likelihood of success on the merits, Petitioner argues: 1) Petitioner has registered its Judgment; Petitioner has a valid judgment lien against Jurado; the execution on the Judgment remains unsatisfied, and Petitioner's Judgment and Judgment Lien Certificate remain valid and outstanding; 2) Petitioner will prevail on the issue of whether Jurado's rights to payment under the DIP Orders may be assigned; such claims are routinely assigned and courts regularly approve the assignment of such claims. As to the presence of irreparable injury, Petitioner argues that the threatened injury to Petitioner is imminent and

Case No. 8:12-CV-1647-T-17MAP

irreparable, based on the well-founded belief that Respondent will transfer abroad any monies he receives from the Trustee to a tenancy by the entireties account or into otherwise exempt property. As to the potential harm to Respondent, Petitioner argues that Respondent will suffer no harm if the preliminary injunction is issued. Respondent is indebted to Petitioner in the amount of the Judgment, and to the extent that this injunction will bar a future fraudulent transfer, it is not a "harm." As to the public interest, Petitioner argues that the entry of this injunction will facilitate the enforcement of judgments by creditors against judgment debtors, and upholds the public interest.

After considering the Motion and accompanying Declaration, and being sufficiently advised, the Court finds as follows:

a) Jurado may control bank accounts and is engaged in business ventures outside of the United States and could, upon receipt from the Trustee or otherwise as a result of the Claims, whether from or on account of amounts payable to him by the Trustee, transfer any monies he receives overseas to a tenancy by the entireties account, or into otherwise exempt property.

b) Panama properly served the Motion upon Jurado, thereby satisfying the notice required in Fed. R. Civ. P. 65(a)(1).

The Court grants Petitioner's Motion as set forth below. It is therefore **ORDERED and ADJUDGED** that:

1. To prevent the potential transfer by Jurado of monies Jurado receives on account of the Claims, whether from or on account of amounts payable to Jurado by the

Case No. 8:12-CV-1647-T-17MAP

Trustee, and to prevent an attempt by Jurado to avoid satisfaction of the Judgment, a preliminary injunction is hereby entered in favor of Panama and against Jurado, **prohibiting** Jurado **from transferring any monies** he receives on account of the Claims, whether from or on account of amounts payable to him by the Trustee, and **from assigning his rights to payment** under the DIP Orders or the Administrative Claim other than to Panama, as set forth in Panama's Motion to Commence Proceedings Supplementary and Accompanying Memorandum of Law (Doc. No. 30).

2. Jurado is **directed to hold any such monies** he receives on account of the Claims, whether from or on account of amounts payable to him by the Trustee, **in trust** pending resolution of these proceedings supplementary or full satisfaction of the Judgment, whichever is earlier.

3. The preliminary injunction shall become effective immediately upon entry of this Order and shall remain in effect through and until either: (1) the closing of all of the Claims or (2) the full satisfaction of the Judgment, whichever is earlier; and

4. This Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 11th day of April, 2014.

ELISABETH A. KOVACHEVICH
United States District Judge

Copies furnished to:
All parties and counsel of record