UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REPUBLIC OF PANAMA,

        Petitioner,                  Case No. 8:12-CV-1647-T-17MAP

v.

JAIME JURADO and
NATIONS ENERGY
CORPORATION,

        Respondents.
_____/

ORDER GRANTING MOTION TO COMMENCE
PROCEEDINGS SUPPLEMENTARY

        This matter comes before the Court upon the Motion to Commence Proceedings Supplementary and Accompanying Memorandum of Law (Doc. No. 30) (the "Motion")[1] by the Republic of Panama, and the accompanying Declaration Under Penalty of Perjury of Whitney Debevoise In Support of Motion to Commence Proceedings Supplementary (Doc. No. 32) and Motion for Entry of Preliminary Injunction (Doc. No. 31).

        Respondents have not filed a response to Petitioner's Motion, and no motion for extension of time has been filed.

        After considering the Motion and accompanying Declaration, and being sufficiently advised, the Court finds as follows:

        a)    On June 13, 2013, Petitioner and Petitioner in Execution, the REPUBLIC

---

[1] Capitalized terms not defined herein shall have the same meaning set forth in the Motion.

Case No. 8:12-CV-1647-T-17MAP

OF PANAMA ("Panama"), secured a judgment against Respondent and Respondent in Execution, JAIME JURADO ("Jurado") in the sum of $3,912,219.17 (the "Judgment").

b) Panama has not received any satisfaction of the Judgment, in full or in part, and there is presently due on the Judgment the sum of $4,391,388.85, which represents the balance of the unsatisfied Judgment of $3,912,219.17 plus $475,013.08 in post-arbitration award interest[2] and $4,156.60 in post-judgment interest as provided for in 28 U.S.C. § 1961[3]. Therefore, as of March 18, 2014, the Judgment exceeds $4.3 million dollars.

c) The Judgment is valid and outstanding and remains unsatisfied.

d) In accordance with Fla. Stat. § 56.29, Panama has shown entitlement to proceedings supplementary.

e) As a result of providing post-petition financing, Jurado possesses post-petition administrative claims in EME's bankruptcy estate in the form of a percentage of the recoveries and/or settlement proceeds obtained by the Chapter 11 Trustee in EME's bankruptcy case in various adversary proceedings brought by the

---

[2] Pursuant to Article 54(1) of the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States and 22 U.S.C. § 1650a(1), the ICSID Award shall be enforced and given the same full faith and credit as if it were a final judgment of a court of general jurisdiction of the state of Florida. Pursuant to Fla. Stat. § 55.03, the applicable interest rate for the time period at issue is 4.75%. Therefore, accrued post-arbitration award interest in the amount of $475,013.08 constitutes interest accrued on the ICSID Award from its date of entry on November 24, 2010 through June 13, 2013 at the post-arbitration interest rate of 4.75% per annum.

[3] Accrued post-judgment interest in the amount of $4,156.60 constitutes interest accrued on the Judgment from its date of entry on June 14, 2013 through March 18, 2014 at the post-judgment statutory rate of 0.14% per annum.

Case No. 8:12-CV-1647-T-17MAP

Trustee.

According to Petitioner Republic of Panama, the Claims and Jurado's proportion of recoveries thereunder include, but are not limited to, the following:

a) Thirty percent (30%) of the Trustee's recovery in its claim against Cast-Crete Corporation (Case No. 8:13-ap-00158-MGW) (Bankr. M.D. Fla.).

b) A portion of the Trustee's recovery in its action against Johnson Controls, Inc. (Case No. 8:13-ap-00157-MGW) (Bankr. M.D. Fla.).

c) Sixty-five percent (65%) of the Trustee's recovery in its arbitration claim against Whiting-Turner company, which arbitration proceeding is before the American Arbitration Association.

d) Seventy percent (70%) of the Trustee's recovery in its claim against Triad Engineering.

e) Fifty percent (50%) of the Trustee's recovery in its action against SafeCo Insurance Company of America.

f) Fifty percent (50%) of the Trustee's recovery in its action against Florida Biodiesel Fuel, Inc.

The Court grants Petitioner's Motion as set forth below. It is therefore **ORDERED and ADJUDGED** that:

1. The Motion to Commence Proceedings Supplementary (Doc. No. 30) is hereby **granted**;

2. Jurado is hereby ordered to appear before the Court, at a time and date to be set by the assigned Magistrate Judge in a separate Order, to be examined concerning his property and interest in the Claims, and must be prepared to testify at

3

Case No. 8:12-CV-1647-T-17MAP

such time concerning the nature of the DIP Orders and the Administrative Claim, including but not limited to, the case name, cause of action, amount at issue, potential recovery and/or settlement amount, identity of counsel to the parties, fora, and status of each and every one of the Claims, and the percentage due to him of the Trustee's recoveries in the Claims;

3. Jurado's rights to payment under the DIP Orders and the Administrative Claim are hereby assigned to Panama up to the amount of the Judgment, to secure satisfaction of the Judgment by Jurado;

4. Jurado is hereby directed to give written notice to the Trustee of the assignment of his rights to payment under the DIP Orders and the Administrative Claim to Panama, a copy of which notice shall be filed in this case;

5. If Jurado fails to give the Trustee such notice within two (2) days after the date of entry of this Order, Panama is hereby authorized to provide written notice of the assignment ofJurado's rights to payment pursuant to the DIP Orders and the Administrative Claim to Panama to the Trustee, a copy of which notice (if given) shall be filed in this case;

6. To the extent that, notwithstanding the assignment to Panama of Jurado's rights to payment under the DIP Orders and the Administrative Claim (as set forth above), Jurado receives any monies from the Trustee or otherwise as a result of the Claims, whether from or on account of amounts payable to him by the Trustee, at a time when any portion of Panama's Judgment is outstanding, Jurado is directed to hold all such monies in trust for Panama's benefit and turn over all such monies to Panama; and

7. This Court shall retain jurisdiction to hear and determine all matters arising

Case No. 8:12-CV-1647-T-17MAP

from implementation of this Order.

    **DONE and ORDERED** in Chambers, Tampa, Florida, on this 11th day of April, 2014.

                              ELIZABETH A. KOVACHEVICH
                              United States District Judge

Copies furnished to:
All parties and counsel of record